NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| QUANTIS GOODE, | : |
| Petitioner, | : Civ. Action No. 22-05713 |
| v. | : OPINION & ORDER |
| BRUCE DAVIS, et al., | : |
| Respondents. | : |

**CECCHI, District Judge.**

This matter comes before the Court upon the motion by Petitioner Quantis Goode ("Petitioner") to compel the deposition of Muhammad Bashir in this habeas proceeding under 28 U.S.C. § 2254. ECF No. 16. Respondents filed a brief in opposition to Petitioner's motion (ECF No. 17), and Petitioner filed a reply brief (ECF No. 18). For the reasons discussed below, the Court will deny Petitioner's motion to compel.

**I.   PROCEDURAL HISTORY**

On September 23, 2009, a jury convicted Petitioner of two counts of first-degree purposeful and/or knowing murder, N.J.S.A. 2C:11-3a(1) and/or (2), and two counts of unlawful possession of a weapon, a handgun, N.J.S.A. 2C:39-5b. The jury also convicted petitioner of conspiracy to commit murder, N.J.S.A. 2C:5-2 and 11-3a, and two counts of possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4a. Under state law, those weapons convictions merged into the murder counts. Petitioner was sentenced to 100 years in prison. ECF No. 7 at 1-12; *see also* ECF No. 7, Ex. 29 at Da9.

On June 6, 2012, the New Jersey Appellate Division affirmed Petitioner's convictions.

ECF No. 7, Exhibit ("Ex") 27 at 27. On January 16, 2013, the New Jersey Supreme Court denied certification of Petitioner's case. ECF No. 7, Ex. 29 at Da60. On May 9, 2013, Petitioner filed an application for post-conviction relief ("PCR"). ECF No. 7, Ex. 30 at Da65. His application was denied on December 17, 2014. *Id.* at Da159. On February 2, 2017, the Appellate Division did, however, remand Petitioner's PCR application to the trial court for an evidentiary hearing. ECF No. 7, Ex. 33 at Da13. On June 26 and July 9, 2019, the court held the evidentiary hearing, where Petitioner and his trial counsel, Muhammad Bashir, were among those who testified. ECF No. 7, Exs. 19, 20. On March 31, 2020, the court denied Petitioner's PCR application. ECF No. 7, Ex. 37. On June 30, 2021, the Appellate Division affirmed the trial court's denial of Petitioner's PCR application. ECF 7, Ex. 40 at Da2. On October 19, 2021, the New Jersey Supreme Court denied certification of Petitioner's case. ECF No. 7, Ex. 42.

On September 26, 2022, Petitioner filed the instant habeas proceeding under 28 U.S.C. § 2254. ECF No. 1. The State responded on April 10, 2023. ECF No. 7. Petitioner filed a reply brief on March 1, 2024. ECF No. 15.

## II.     MOTION TO COMPEL DEPOSITION OF PETITIONER'S TRIAL COUNSEL

Presently before the Court is Petitioner's motion to compel the deposition of his trial attorney, Muhammad Bashir, as part of Petitioner's habeas proceeding under 28 U.S.C. § 2254. ECF No. 16. Specifically, Petitioner claims that deposing Bashir is "crucial" and necessary to resolve this case. *Id.* at 5, 9. In support of this claim, Petitioner points to Bashir's PCR testimony and how it conflicted with Petitioner's own testimony regarding a supposed plea offer and Petitioner's sentence exposure. *Id.* at 5-6. The PCR court found Bashir's testimony credible. ECF No. 7, Ex. 37 at Da5. Petitioner argues that the PCR court was unaware that Bashir was disbarred at the time of the hearing, since Bashir testified that he was instead retired, and, for that reason a

2

deposition is now warranted. ECF No. 16 at 10.

Respondents filed a letter in opposition to Petitioner's motion. ECF No. 17. Respondents argue that Petitioner has not satisfied the requirements under 28 U.S.C. § 2254(e)(2) to expand the state court record in this habeas proceeding. *See id.* Respondents further argue that the PCR court held there was no plea offer available for Bashir to discuss with Petitioner, and the fact that Bashir was disbarred after Petitioner's trial does not entitle Petitioner to a deposition to dispute this testimony. *See id.* at 4; *see also* ECF No. 7, Ex. 37 at Da5.

Petitioner filed a reply brief in support of his motion. ECF No. 18. Petitioner again claims that he should be granted the right to depose Bashir because the PCR court was unaware that Bashir was disbarred.

### III. ANALYSIS

#### A. Standard of Law

The standard for granting a state prisoner's federal habeas corpus discovery is governed by 28 U.S.C. § 2254(e)(2), as follows:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on—
>
> > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

In interpreting this section of the statute, the United States Supreme Court has indicated

that federal courts are not allowed to dispense with § 2254(e)(2)'s narrow limits simply because a prisoner's state postconviction counsel negligently failed to develop the state-court record. *Shinn v. Ramirez*, 596 U.S. 366, 371 (2022); *see also Holland v. Jackson*, 542 U.S. 649, 653 (2004) (per curiam) (AEDPA's "restrictions apply *a fortiori* when a prisoner seeks relief based on new evidence *without* an evidentiary hearing.").

And, as the Third Circuit has recently added, the "AEDPA does not allow [the Court] to excuse [a Petitioner's] separate failure to develop the record just because his state post-conviction lawyer did a bad job." *Williams v. Superintendent Mahanoy SCI*, 45 F.4th 713, 724 (3d Cir. 2022) (citing *Shinn*, 596 U.S. at 387 ("[A] state prisoner is responsible for counsel's negligent failure to develop the state postconviction record.")). Accordingly, unless the "narrow" exceptions set out in § 2254(e)(2) are met, this Court is "therefore limited to the facts developed in state court" and cannot expand the record simply because the state-court record was not fully developed to Petitioner's liking. *Shinn*, 596 U.S. at 387 ("[W]hen a federal habeas court convenes an evidentiary hearing for any purpose, or otherwise admits or reviews new evidence for any purpose, it may not consider that evidence . . . unless the exceptions in § 2254(e)(2) are satisfied.").

**B.  Petitioner Is Not Entitled to Depose Bashir Under 28 U.S.C. § 2254(e)(2)**

Here, Petitioner has not met the requirements laid out in § 2254(e)(2). Petitioner has not identified any new Supreme Court precedent that applies retroactively to his case, nor has he pointed to a "factual predicate that *could not have been previously discovered*." 28 U.S.C. § 2254(e)(2) (emphasis added). On this point, Petitioner argues that the PCR court was unaware that Bashir was disbarred and that, had it known, the PCR court would have found Bashir's testimony to be incredible. ECF No. 18 at 6-7. But Bashir was disbarred by the New Jersey Supreme Court in October of 2018 (*see Matter of Bashir*, 235 N.J. 330 [2018]), and Petitioner's PCR evidentiary

4

hearing – in which Bashir was called to testify – was held in June and July of 2019. ECF No. 7, Exs. 19, 20. Therefore Bashir was disbarred after Petitioner's trial and well before Petitioner's PCR hearing. *See id*. Accordingly, the fact that Bashir was disbarred could have "been previously discovered" and made part of the state-court record. 28 U.S.C. § 2254(e)(2). The fact that it was not part of the record does not permit this court to compel his disposition, as Petitioner is "responsible for counsel's negligent failure to develop the state postconviction record." *Shinn*, 596 U.S. at 387. The Court will determine the habeas petition on the state court record in due course.

**IV.   CONCLUSION**

For the reasons set forth above, Petitioner's motion to compel is denied.

**Accordingly, IT IS** on this 31st day of October, 2024,

**ORDERED** that Petitioner's motion to compel the deposition of Muhammad Bashir (ECF No. 16) is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order on Petitioner by regular U.S. mail.

**SO ORDERED.**

*/s/ Claire C. Cecchi*

**HON. CLAIRE C. CECCHI**
United States District Judge